**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4905**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JEFFREY A. HOPKINS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:04-cr-00267-FDW-DCK-1; 3:04-cr-00268-FDW-CH-1)

_____

Submitted:  January 9, 2012          Decided:  January 13, 2012

_____

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Jeffrey A. Hopkins, Appellant Pro Se.  Michael E. Savage, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey A. Hopkins seeks to appeal his seventy-two-month sentence pursuant to a guilty plea to conspiracy to defraud the United States, 18 U.S.C. § 371 (2006), mail fraud, 18 U.S.C. § 1341 (2006), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2006). In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment on the docket on April 25, 2007. Hopkins filed a pro se notice of appeal on September 1, 2011, over four years after the appeal period expired.[2] Because Hopkins failed to file a timely notice

---

[1] At the time judgment was entered, the appeal period was ten days. Fed. R. App. P. 4(b)(1)(A)(i) (2007). On December 1, 2009, the period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Hopkins' notice of appeal was untimely under either period.

[2] This is the date that appears on the envelope Hopkins gave to prison officials for mailing the notice of appeal to the district court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

of appeal or obtain an extension of the appeal period, we dismiss the appeal.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209–14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Hopkins' appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).